**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3511-24

KARIM ASSAF,

     Plaintiff-Appellant,

v.

STATE OF NEW JERSEY,

     Defendant-Respondent.

_____

Submitted May 19, 2026 – Decided July 22, 2026

Before Judges Rose and Torregrossa-O'Connor.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-2903-25.

Karim Assaf, self-represented appellant.

Jennifer Davenport, Attorney General, attorney for respondent (Sookie Bae-Park, Assistant Attorney General, of counsel; Andrew Spevack, Deputy Attorney General, on the brief).

PER CURIAM

Plaintiff Karim Assaf appeals from the July 3, 2025 Law Division order dismissing his complaint against defendant the State of New Jersey. We affirm.

Plaintiff's self-represented complaint, filed in April 2025 without citation to law or a legal cause of action, alleged the State violated his civil rights by installing a "BCI,"[1] in his eye, and in the eyes of others permitting them to monitor and harass him. He demanded as relief "86,000,000" and requested "the State figure out how to terminate the illegal BCI in his eye" to restore his "liberties . . . today!" Specifically, the complaint alleged a violation of "two of plaintiff's civil liberties (human rights and privacy)," as a result of the State's

> allowing others who are BCI'd legally to electronically harass [him] (forcing someone to talk out loud which is considered slavery and an egregious human rights abuse) and allowed gang stalkers (individuals who spy through eyeballs) to gang stalk [him] over an illegal BCI in [his] eye which is considered a privacy violation.

In its brief, the State explains it "interpreted plaintiff's claims" as asserted under the New Jersey's Civil Rights Act, N.J.S.A. 10:6-1 to -2, and moved to dismiss on "immunity grounds." Plaintiff did not oppose the motion.

---

[1] Although the complaint does not define BCI, documents from unknown sources in plaintiff's appendix, apparently submitted with his complaint, indicate BCI, as used by plaintiff, is an abbreviation for "brain-to-computer interface" technology.

A-3511-24

On July 3, 2025, the court issued an order dismissing the complaint. After setting forth the controlling standard under Rule 4:6-2(e), the court granted the motion to dismiss without prejudice. The court found, "Even under this liberal standard, the court cannot remotely discern any cognizable cause of action against defendant from the most considerate reading of plaintiff's pleadings…

On appeal, plaintiff, again self-represented, argues "two of [his] civil liberties were violated (human rights and slavery) while staying in New Jersey because of an illegal BCI in [his] eye," and "the lower court should have awarded . . . $86,000,000 and simultaneously figured out how to terminate the illegal BCI . . . ." He asks that we "determine if [he] should be paid handsomely" for these alleged violations.

A reviewing court assessing the dismissal of a complaint under Rule 4:6-2(e) must "search[] the complaint in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim, opportunity being given to amend if necessary." Am. Civ. Liberties Union of N.J. v. Cnty. Prosecutors Ass'n of N.J., 257 N.J. 87, 116 (2024) (alteration in original) (quoting Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989)). The review must be performed in a manner that is "generous and hospitable." Printing Mart, 116 N.J. at 746. Our

role is simply to determine whether a cause of action is "suggested" by the complaint. Ibid. (quoting Velantzas v. Colgate-Palmolive Co., 109 N.J. 189, 192 (1988)). "[I]f the complaint states no basis for relief and discovery would not provide one, dismissal is the appropriate remedy." Banco Popular N. Am. v. Gandi, 184 N.J. 161, 166 (2005).

We are satisfied the trial court properly concluded plaintiff's complaint failed to state a claim upon which relief may be granted. No more need be said, as we are similarly satisfied plaintiff's arguments on appeal lack sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

A-3511-24